IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20686

_____


SIMI INVESTMENT COMPANY INC

                              Plaintiff - Appellee

       v.

HARRIS COUNTY TEXAS

                              Defendant - Appellant

_____

       Appeal from the United States District Court
            for the Southern District of Texas
_____

                    June 28, 2001

Before KING, Chief Judge, and REYNALDO G. GARZA and PARKER,
Circuit Judges.

          OPINION ON PETITION FOR REHEARING EN BANC

   (Opinion December 21, 2000 (5th Cir. 2000) 236 F.3d 240)


PER CURIAM:

       Treating the Petition for Rehearing En Banc as a Petition

for Panel Rehearing, the Petition for Panel Rehearing is DENIED.

No member of the panel nor judge in regular active service of the

court having requested that the court be polled on Rehearing En

Banc (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

We take this opportunity to address the concern expressed by Harris County as to the scope of the substantive due process holding in this case. In John Corp. v. City of Houston, this court stated that "a careful analysis must be undertaken to assess the extent to which a plaintiff's substantive due process claim rests on protections that are also afforded by the Takings Clause." 214 F.3d 573, 583 (5th Cir. 2000). In the majority of cases involving landowner complaints, substantive due process is not the appropriate avenue of relief. Our Takings Clause jurisprudence cannot be circumvented by artful pleading of substantive due process claims. Except in the rare cases of deprivations of property based on, for example, illegitimate and arbitrary governmental abuse,[1] vague statutes,[2] or retroactive statutes,[3] the takings analysis established by the Supreme Court

---

[1]  See Simi Inv. Co. v. Harris County, Tex., 236 F.3d 240, 249 (5th Cir. 2000); DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 600-01 (3d Cir. 1995).

[2]  See John Corp. v. City of Houston, 214 F.3d 573, 585 (5th Cir. 2000).

[3]  In Eastern Enterprises v. Apfel, the Supreme Court held unconstitutional a provision of the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. § 9706. See 524 U.S. 498, 538 (1998). The Court split 4-1-4, with five Justices concluding that a substantive due process analysis, and not a Takings Clause analysis, should be used to determine the constitutionality of the statute, which had retroactive effect. See id. at 547 (Kennedy, J., concurring in the judgment and dissenting in part) (determining that "the case is controlled not by the Takings

2

and this circuit should control constitutional violations
involving property rights that have been infringed by
governmental action.[4]

---

Clause but by well-settled due process principles respecting
retroactive laws."); see id. at 554 (Breyer, J., dissenting)
(agreeing with Justice Kennedy and stating "at the heart of the
[Takings] Clause lies a concern, not with preventing arbitrary or
unfair government action, but with providing compensation for
legitimate government action that takes 'private property' to
serve the 'public' good.").

[4]     See, e.g., Palazzolo v. Rhode Island, --- S. Ct. ----,
2001 WL 721005 (June 28, 2001); Williamson County Reg'l Planning
Comm'n v. Hamilton Bank, 473 U.S. 172, 186-94 (1985); Hawaii
Hous. Auth. v. Midkiff, 467 U.S. 229, 241 (1984); Agins v. City
of Tiburon, 447 U.S. 255, 260 (1980); Penn Cent. Transp. Co. v.
New York City, 438 U.S. 104, 128 (1978); Samaad v. City of
Dallas, 940 F.2d 925, 936-37 (5th Cir. 1991); see also, e.g.,
City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S.
687, 702-03 (1999); Dolan v. City of Tigard, 512 U.S. 374, 386-88
(1994); Nollan v. Cal. Coastal Comm'n, 483 U.S. 825, 834 (1987).